United States District Court
Southern District of Texas
**ENTERED**
February 05, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States of America )
v. )
) Case No. 4:22-cr-194
Prentis Leewood Delaney II )
*Defendant* )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☒ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
On February 5, 2025, the Court held a hearing to determine whether Defendant should continue to be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendant is charged in a criminal indictment with aiding and abetting interference with commerce by robbery in violation of 18 U.S.C §§ 1951 (a) and 2, and aiding and abetting discharge of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(iii), 924(j)(1) and 2. Assistant United States Attorney Jill Stotts appeared on behalf of the United States. CJA Attorney Tate Williams appeared on behalf of Defendant.

EVIDENCE PRESENTED

The Government's Evidence Shows Defendant Is A Danger To The Community

At the hearing, the United States presented the testimony of a Detective with the Houston Police Department and Task Officer with the Federal Bureau of Investigations ("FBI"). She credibly testified as follows:

1. On October 24, 2019, Defendant, his co-defendants, and another co-conspirator, David Taylor robbed an armored truck making a delivery at a fast food restaurant in Houston. Defendant was one of four passengers in a stolen Tahoe. The other occupants of the Tahoe were the co-defendants Brown, Davis, and co-conspirator Taylor. The driver remained in the Tahoe, three of the passengers, Brown, Davis, and Delaney ran out of the truck, demanded money from the armored truck employee, shot the guard, retreived a bag with money with barely more than $1,000, and left the scene. Another defendant Murphy was across the street in another car, acting as look out. The armored car employee died on the way to the hospital. Investigators gathered forensic evidence, a fingerprint on a license plate that led to Davis. Eventually, they collected GPS tracking evidence on the defendants' phones, texts from their phones, and proffers from Taylor, Brown, and Murphy about the activities the days before, during, and after the robbery. The evidence has Delaney's phone at the meet up before and after the robbery, and at the robbery immediately before. Then all phones went off while the five used burner phones during the robbery. Three of the five gave proffers. They each identified Delaney as the shooter. Even Murphy who did not see the shooting said that when they all got into his getaway car after the robbery, everyone was yelling at Delaney asking why he shot the armored car driver. Acccording to Murphy, Delaney said that he had to because the armored car driver was reaching for his gun. Sometime after the robbery, Delaney was being tracked on his phone as was Taylor. In January 2020, law enforcement tracked them following an amored truck in Beaumont. They stopped Prentis and Taylor who were armed with a rifle and pistols. Delaney plead guilty in the ED of Texas and was sentenced to five years for felony attempted robbery. This evidence shows Defendant is a danger to the community.

2. The evidence established that Defendant has a criminal history that included multiple felony and misdemeanor charges. For several charges before the conviction in the EDTX, Delaney violated his bond conditions multiple times, either failing to comply with conditions, failing to appear, or engaging in new criminal activity. This evidence shows Defendant does not follow bond conditions.

The Defendant's Evidence

Defendant proffered that his mother is willing to let him live with her and is willing to serve as a 3d party custodian.

Pretrial Services Recommends Detention

Pretrial Services prepared a report recommending that Defendant be detained as a danger to the community.

CONCLUSION

Based on the evidence presented at the hearing, and the information in the Pretrial Services report, the Court concludes as follows:

(1) The evidence established that Defendant committed the offenses with which he is charged, namely aiding and abetting interference with commerce by robbery and aiding and abetting discharge of a firearm in relation to a crime of violence. Pursuant to 18 U.S.C. § 3142(e)(3)(B), this creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required.

(2) Defendant failed to rebut the presumption. Defendant's mother was not vetted as a third-party custodian. He committed multiple crimes when he was young enough to be living at home with his mom. This show his mother was either unaware of his activites or unable to control him. This evidence is insufficient to rebut the presumption. Thus, the presumption is that Defendant is dangerous and a flight risk.

(3) The Government met its ultimate burden of persuasion and produced clear and convincing evidence that Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The evidence indicates Defendant committed an armored truck robbery, shot and killed the armored car driver, and committed this crime in the restaurant parking lot without regard to innocent customers in the vicinity. Within months of robbery, he was attempting to commit another armored car robbery in Beaumont with one of his co-conspirators from this crime. He plead guilty and served five years in BOP. He has repeatedly violated conditions of bond by committing new offenses, failing to appear, and violating technical conditions of his bond. Although some of these bond violations were committed when Delaney was young, the last bond revocation was when Defendant was about 29 years old. The history of bond violations with the violent nature of the offenses with which Defendant is charged and the attempt to commit the same crime within months show that Defendant cannot follow conditions of release and he would be a danger to the community if released. The evidence obtained during the investigation show that the evidence against defendant is overwhelming.

Accordingly, the Court finds that no condition or combination of conditions of release could be imposed upon Defendant that would reasonably ensure the safety of the community; and therefore, it is Ordered that the Defendant shall be detained pending trial.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 02/05/2025

*Dena Palermo*

United States Magistrate Judge